ON APPLICATION FOR REHEARING
|, ARMSTRONG, Judge.
Stallings/Lemoine’s petition for rehearing renews its argument that Woodward *37 was a supplier of materials by pointing out that Addendum No. 6 to the bid documents does not itself expressly provide that LSED will purchase materials directly from the various suppliers rather than from the contractor (Woodward, as it turned out) and that, instead, the addendum simply states that there will be “procedures” for LSED’s avoidance of sales taxes. The petition also points out that the “procedures” to be employed, LSED’s purchase for materials directly from various suppliers, is described in the Minutes of the Pre-Bid Conference (which, per the Minutes, was attended by both Stall-ings/Lemoine and Woodward). The Petition then argues, based on a provision in the bid documents, that the Pre-Bid conference was “not binding” and that only the addendum was “binding” We believe that it does not matter whether the Pre-bid conference was “binding” or not. Paragraph 20 of the Joint Stipulations specifically states that “materials ar invoiced directly to and paid by the LSED.” Thus, the procedure described in the Pre-Bid conference was, in fact, used. At the end of the day, Woodward did not sell materials to LSED and, thus, Woodward could not gain competitive advantage or profit with respect to materials used due to the specifications drafted by the architect or engineer. Consequently, the problem addressed by La. R.S. 38:2190 is not present in this case. Lastly, the petition points out that Woodward deicides the third-party suppliers from whom the LSED will purchase materials. However, so long as the architect or engineer has no substantial | ¡¡financial interest in any of those third-party suppliers (and there is no allegation of that), then La. R.S. 38:2190 does not apply. In sum, that statute simply does not apply under the facts of this case.
Accordlingly, the Petition for Rehearing is denied.

REHEARING DENIED.